IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL MORROW,

    Plaintiff,                         Case No. 2:12-cv-0890 GEB DAD PS

    v.

REDDING DEA;                    ORDER
SACRAMENTO DEA,

    Defendants.
_____/

        Plaintiff, Michael Morrow, is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

        Plaintiff has submitted an in forma pauperis application that make the showing required by 28 U.S.C. § 1915(a)(1). However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)). See also Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma

1

pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis."). Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

Here, plaintiff's complaint does not contain a plain statement of the grounds upon which the court's jurisdiction depends, a plaint statement of his claim showing that he is entitled to relief or a demand for judgment for the relief plaintiff seeks.  In this regard, in his complaint plaintiff alleges simply that he is "coming before the court against the DEA of Redding and Sacramento for the injustice done against" him.  (Compl. (Doc. No. 1) at 1.)  Attached to the complaint "is a copy of some of the wrongs done to [plaintiff]."  (Id.)

The paper attached to the complaint states, in part, the following.  In October of 2010, plaintiff moved to Cottonwood, California to live with his sister.  (Id. at 2.)  After a neighbor suspected plaintiff of manufacturing methamphetamine, plaintiff "noticed he was being observed wherever he went from that point on."  (Id.)  Moreover, "[n]ightly officer teams" would harass plaintiff's "fifth wheel trailer" through the use of "[b]lue lights, monograms, sounds, and shaking fifth wheel."  (Id.)  Plaintiff then moved to Sacramento and visited his daughter, who is a "CS (Confidential Source) for the DEA."  (Id.)  The "[l]ady downstairs" from plaintiff's daughter's apartment "did monitoring using cameras, sounds and phones."  (Id.)  While returning home from a restaurant one morning, "there were many attempts by DEA . . . to harass" plaintiff by aiming guns at him, "swerving their cars to try and make him lose control" and aiming "a rocket launcher" at him.  (Id.)  DEA agents also closed off major traffic routes, so that plaintiff could not return home and "closed down Folsom Blvd. hotels so he could not . . . . get a room to get a night's sleep."  (Id.)  In this regard, the DEA "were using sleep deprivation" against plaintiff.  (Id.)  At various times plaintiff was also poisoned with methamphetamine.  (Id.)

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly.  Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual

1 enhancements.'" <u>Ashcroft v. Iqbal</u>, 556 U.S.662, ---, 129 S. Ct. 1937, 1949 (2009) (quoting
2 <u>Twombly</u>, 550 U.S. at 555, 557. A plaintiff must allege with at least some degree of particularity
3 overt acts which the defendants engaged in that support the plaintiff's claims. <u>Jones</u>, 733 F.2d at
4 649. Under these standards, a complaint should state identifiable causes of action and allege
5 facts that satisfy the elements of those causes of action both plainly and succinctly, alleging
6 specific acts engaged in by the defendant that would support plaintiff's claim.

7       Accordingly, plaintiff's complaint will be dismissed for failure to state a claim.
8 The undersigned has carefully considered whether plaintiff may amend the complaint to state a
9 claim upon which relief can be granted. "Valid reasons for denying leave to amend include
10 undue delay, bad faith, prejudice, and futility." <u>California Architectural Bldg. Prod. v.</u>
11 <u>Franciscan Ceramics</u>, 818 F.2d 1466, 1472 (9th Cir. 1988). <u>See</u> also <u>Klamath-Lake Pharm.</u>
12 <u>Ass'n v. Klamath Med. Serv. Bureau</u>, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while
13 leave to amend shall be freely given, the court does not have to allow futile amendments).
14 However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be
15 dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in
16 support of his claim which would entitle him to relief.'" <u>Franklin v. Murphy</u>, 745 F.2d 1221,
17 1228 (9th Cir. 1984) (quoting <u>Haines v. Kerner</u>, 404 U.S. 519, 521 (1972). <u>See</u> also <u>Weilburg v.</u>
18 <u>Shapiro</u>, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to
19 amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be
20 cured by amendment.") (quoting <u>Schucker v. Rockwood</u>, 846 F.2d 1202, 1203-04 (9th Cir.
21 1988)).

22       Here, the court cannot say that it appears beyond doubt that leave to amend would
23 be futile. Plaintiff's complaint will therefore be dismissed, and plaintiff will be granted leave to
24 file an amended complaint. Plaintiff is cautioned, however, that if plaintiff elects to file an
25 amended complaint "the tenet that a court must accept as true all of the allegations contained in a
26 complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." Ashcroft, 129 S. Ct. at 1949. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." Id. at 1950. Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" Id. at 1951 (quoting Twombly, 550 U.S. at 557).

Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings. The amended complaint will supersede the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in an amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged. Plaintiff's amended complaint must include concise but complete factual allegations describing the conduct and events which underlie plaintiff's claims.[1]

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's April 6, 2012, application to proceed in forma pauperis (Doc. No. 2) is denied without prejudice.[2]

2. The complaint filed April 6, 2012 (Doc. No. 1) is dismissed with leave to amend.

---

[1] Plaintiff is advised that the Federal Tort Claims Act ("FTCA") creates a limited right to sue the United States for certain torts committed by its employees and agencies. 28 U.S.C. §§ 1346(b), 2671-2680. The FTCA requires that plaintiffs first present claims to the appropriate agency before filing an action in federal court. 28 U.S.C. § 2401(b). Specifically, a tort claim against the United States must be presented in writing to the appropriate Federal agency within two years after such a claim accrues. Id. Additionally, a claim must be brought within six months after the date of mailing of notice of final denial of the claim by the agency to which it was presented. Id. These requirements are jurisdictional, cannot be waived, and must be strictly complied with. Blain v. United States, 552 F.2d 289, 291 (9th Cir. 1977). Thus, failure to comply within the required time period results in the claim's being forever barred. Id.

[2] If plaintiff elects to file an amended complaint, he may submit a new application to proceed in forma pauperis or pay the required filing fee.

3. Within twenty-eight days from the date of this order, an amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice. The amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint."

4. Failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.

DATED: July 11, 2012.

_DALE A. DROZD_
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\morrow0890.ifp.den.ord