1

2

3

4

5

6

7               IN THE UNITED STATES DISTRICT COURT

8            FOR THE EASTERN DISTRICT OF CALIFORNIA

9   MICHAEL MORROW,

10            Plaintiff,                    Case No. 2:12-cv-0890 GEB DAD PS

11      v.

12   REDDING DEA;                           FINDINGS AND RECOMMENDATIONS
     SACRAMENTO DEA,
13

14            Defendants.

15   _____/

16        Plaintiff, Michael Morrow, is proceeding in this action pro se.  This matter was

17   referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

18        On July 12, 2012, the court issued an order denying plaintiff's request to proceed

19   in forma pauperis without prejudice and dismissing plaintiff's complaint with leave to file an

20   amended complaint.  (Doc. No. 3.)  Plaintiff was advised that if he elected to file an amended

21   complaint he could either submit a new application to proceed in forma pauperis or pay the

22   required filing fee.

23        On July 16, 2012, plaintiff filed an amended complaint.  (Doc. No. 4.)  On July

24   23, 2012, plaintiff filed a second amended complaint.  (Doc. No. 5.)  Finally, on July 26, 2012,

25   plaintiff filed a third amended complaint.  (Doc. No. 6.)  Although plaintiff's filing of multiple

26   amended complaints violates Rule 15 of the Federal Rules of Civil Procedure, in light of

1

1  plaintiff's pro se status the court will accept the third amended complaint as the operative

2  pleading in this action.  Plaintiff, however, has not submitted a new application to proceed in

3  forma pauperis, nor has he paid the required filing fee.

4          Moreover, even if plaintiff had submitted an in forma pauperis application that

5  made the showing required by 28 U.S.C. § 1915(a)(1) this action could not proceed.  In this

6  regard, a determination that a plaintiff qualifies financially for in forma pauperis status does not

7  complete the inquiry required by the statute.  "'A district court may deny leave to proceed in

8  forma pauperis at the outset if it appears from the face of the proposed complaint that the action

9  is frivolous or without merit.'"  Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998)

10 (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)).  See also

11 Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to

12 examine any application for leave to proceed in forma pauperis to determine whether the

13 proposed proceeding has merit and if it appears that the proceeding is without merit, the court is

14 bound to deny a motion seeking leave to proceed in forma pauperis.").  Moreover, the court must

15 dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or

16 if it is determined that the action is frivolous or malicious, fails to state a claim on which relief

17 may be granted, or seeks monetary relief against an immune defendant.  See 28 U.S.C. §

18 1915(e)(2).  A complaint is legally frivolous when it lacks an arguable basis in law or in fact.

19 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

20 (9th Cir. 1984).  Under this standard, a court must dismiss a complaint as frivolous where it is

21 based on an indisputably meritless legal theory or where the factual contentions are clearly

22 baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

23          To state a claim on which relief may be granted, the plaintiff must allege "enough

24 facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550

25 U.S. 544, 570 (2007).  In considering whether a complaint states a cognizable claim, the court

26 accepts as true the material allegations in the complaint and construes the allegations in the light

1   most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg.

2   Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242,

3   1245 (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by

4   lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as

5   true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western

6   Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

7           The minimum requirements for a civil complaint in federal court are as follows:

8           A pleading which sets forth a claim for relief . . . shall contain (1) a
            short and plain statement of the grounds upon which the court's
9           jurisdiction depends . . . , (2) a short and plain statement of the
            claim showing that the pleader is entitled to relief, and (3) a
10          demand for judgment for the relief the pleader seeks.

11  Fed. R. Civ. P. 8(a).

12          Here, plaintiff's third amended complaint suffers from the same defects found by

13  the court in his original complaint and addressed in the court's July 12, 2012 order.  In this

14  regard, the third amended complaint does not contain a plain statement of the grounds upon

15  which the court's jurisdiction depends, a plaint statement of plaintiff's claim showing that he is

16  entitled to relief nor a demand for judgment for the relief plaintiff seeks.

17          Instead, in his third amended complaint plaintiff simply states that in September

18  of 2010 he "left Cottonwood" because he "feared for [his] life the DEA was after" him.  (Third

19  Am. Compl. (Doc. No. 6) at 2.)  Thereafter, according to plaintiff, he eventually moved in with

20  "Margaret" who is "a drug user, seller and deals and in stolen merchandise," and who "also

21  works with the DEA."  (Id.)  Plaintiff alleges that Margaret informed the DEA of his movements.

22  (Id.)  Moreover, plaintiff alleges that across from Margaret's house is a barn from which the

23  DEA "would shoot blue lights and imagines" into her house.  (Id. at 3.)  Plaintiff claims that he

24  was forced to leave Margaret's house because the "DEA and drug addicts were everywhere."

25  (Id.)

26  /////

Jurisdiction is a threshold inquiry that must precede the adjudication of any case before the district court.  Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988).  Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal law.  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992).[1]  "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)).

Lack of subject matter jurisdiction may be raised by the court at any time during the proceedings.  Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).  A federal court "ha[s] an independent obligation to address sua sponte whether [it] has subject-matter jurisdiction." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999).  It is the obligation of the district court "to be alert to jurisdictional requirements." Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 593 (2004).  Without jurisdiction, the district court cannot decide the merits of a case or order any relief.  See Morongo, 858 F.2d at 1380.

The burden of establishing jurisdiction rests upon plaintiff as the party asserting jurisdiction.  Kokkonen, 511 U.S. at 377; see also Hagans v. Lavine, 415 U.S. 528, 543 (1974) (acknowledging that a claim may be dismissed for lack of jurisdiction if it is "so insubstantial, implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court"); Bell v. Hood, 327 U.S. 678, 682-83 (1946) (recognizing that a claim is subject to dismissal for want of jurisdiction where it is "wholly insubstantial and frivolous" and so patently without merit as to justify dismissal for lack of jurisdiction ); Franklin v. Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) (holding that even

---

[1] Congress has conferred jurisdiction upon the federal district courts as limited by the United States Constitution.  U.S. Const. Art. III, § 2; 28 U.S.C. § 132; see also Ankenbrandt v. Richards, 504 U.S. 689, 697-99 (1992).

4

1   "[a] paid complaint that is 'obviously frivolous' does not confer federal subject matter

2   jurisdiction . . . and may be dismissed sua sponte before service of process.").

3           Moreover, although the Federal Rules of Civil Procedure adopt a flexible pleading

4   policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege

5   facts that state the elements of each claim plainly and succinctly.  Fed. R. Civ. P. 8(a)(2); Jones v.

6   Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels

7   and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor

8   does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual

9   enhancements.'"  Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at

10  555, 557).   A plaintiff must allege with at least some degree of particularity overt acts which the

11  defendants engaged in that support the plaintiff's claims.  Jones, 733 F.2d at 649.  Under these

12  standards, a complaint should state identifiable causes of action and allege facts that satisfy the

13  elements of those causes of action both plainly and succinctly, alleging specific acts engaged in

14  by the defendant that would support plaintiff's claim.

15          Here, plaintiff's third amended complaint fails to meet the minimum requirements

16  for a civil complaint in federal court.  Accordingly, for all the reasons cited above, plaintiff's

17  amended complaint should be dismissed for failure to state a claim upon which relief can be

18  granted.  The undersigned has carefully considered whether plaintiff may further amend his

19  pleading to state a claim upon which relief can be granted.  "Valid reasons for denying leave to

20  amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg.

21  Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also Klamath-Lake

22  Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that

23  while leave to amend shall be freely given, the court does not have to allow futile amendments).

24  In light of the obvious deficiencies noted above, and the fact that plaintiff was unable to

25  successfully amend his complaint after being granted leave to amend and provided the applicable

26  legal standards, the court finds that it would be futile to grant plaintiff further leave to amend.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's July 26, 2012 third amended complaint (Doc. No. 6) be dismissed without leave to amend; and

2. This action be dismissed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 29, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\morrow0890.dism.f&rs

6